**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**CHRISTINE TRAN,**

    **Plaintiff,**

**v.**                                           **Case No.  8:13-cv-149-T-27TBM**

**COUNTRYWIDE HOME
MORTGAGE, et al.,**

    **Defendants.**
_____/

**REPORT AND RECOMMENDATION**

THIS MATTER is before the court on Plaintiff's **Application to Proceed in District Court Without Prepaying Fees or Costs** (Doc. 2), which the court construes as a motion seeking to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.[1]  In pertinent part, § 1915 provides that:

> [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor.  Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.

28 U.S.C. § 1915(a)(1).  It further provides that the court must dismiss a case at any time if the court determines that (a) the allegation of poverty is untrue, or (b) the action is frivolous or malicious or fails to state a claim on which relief may be granted.  *Id.* at (e)(2)(A), (B).

---

[1] Plaintiff did not file a separate Affidavit of Indigency.

Initially, I find that Plaintiff has failed to substantiate that she cannot afford to pay the fees associated with her lawsuit. First, her **Application to Proceed in District Court Without Prepaying Fees or Costs** (Doc. 2) is incomplete. The only information Plaintiff reported was that she had no wages, had only twenty dollars in cash or in an account, and had not received income from any source in the last twelve months.[2] She did *not* respond to questions five through eight on the application, which seek information about assets, expenses, dependent persons, and debts or financial obligations. Second, public records reveal that Plaintiff owns several single family homes and one vacant residential lot in Pinellas County. Should Plaintiff again seek leave to proceed *in forma pauperis*, these issues must be addressed. Plaintiff's construed motion should be denied on this basis.

The construed motion also should be denied because Plaintiff's Complaint (Doc. 1) fails to meet the requirements of Rule 8(a), which requires that the complaint contain *a short and plain statement* of the claim showing that the plaintiff is entitled to relief. Fed. R. Civ. P. 8(a) (emphasis added). Plaintiff's Complaint, brought pursuant to diversity jurisdiction, includes fifty-four paragraphs of allegations, all of which are "re-allege[d] and incorporate[d] by reference" in each of Plaintiff's three claims: (1) declaratory relief; (2) injunctive relief; and (3) quiet title. (Doc. 1). Contrary to the requirements of Rule 8, Plaintiff's Complaint does not contain a short and plain statement of claims showing she is entitled to relief.

---

[2] Although Plaintiff's application is not notarized, her statement that, "I declare under penalty of perjury that the information below is true and understand that a false statement may result in a dismissal of my claims," is sufficient to satisfy the requirements of 28 U.S.C. § 1915. *See* 28 U.S.C. § 1746.

The Complaint is problematic in other ways as well. It is unclear from the allegations whether the first two claims are brought under state or federal law. "The court should not be required to guess as to what cause of action a plaintiff intends to assert, or to draft the pleading for h[er]." *Connor v. Halifax Hosp. Med. Ctr.*, 135 F. Supp. 2d 1198, 1220 (M.D. Fla. 2001). It is also unclear from the allegations whether Plaintiff's action in this court parallels litigation pending in state court. The import of this is the applicability, if any, of abstention. The three claims alleged here all appear to pertain to Plaintiff's rights with respect to the mortgage on her property located at 6760 Burlington Ave. N., St. Petersburg, FL 33710, and whether Defendants have authority to foreclose on the property. Plaintiff alleges that Defendants have already begun the foreclosure process but does not indicate whether a foreclosure action is pending in state court. Public records reveal that BAC Home Loans Servicing LP, f/k/a Countrywide Home Loans Servicing LP, has brought a foreclosure action against Plaintiff and others in the Sixth Judicial Circuit, Pinellas County, Florida, Case No. 09-018143-CI, and the address referenced in that case is 6760 Burlington Ave. N., St. Petersburg, FL 33710. While I recognize that abstention is an extraordinary and narrow exception, it appears that the *Colorado River* abstention doctrine may be applicable if there is in fact parallel litigation in state court. *See, e.g., CCB, LLC v. BankTrust*, 438 Fed. App'x 833, 834-35 (11th Cir. 2011)[3] (affirming the district court's decision to stay action while parallel foreclosure litigation was pending in state court).

---

[3] Pursuant to Eleventh Circuit Rule 36-2, unpublished opinions are not considered binding precedent, but may be cited as persuasive authority.

Accordingly, it is **RECOMMENDED** that the court **DENY** Plaintiff's construed motion to proceed *in forma pauperis* (Doc. 2) and direct her to submit either a full and complete Affidavit of Indigency or a full and complete Application to Proceed in District Court Without Prepaying Fees or Costs, specifically addressing any and all property owned. It is **RECOMMENDED** further that the court direct Plaintiff to submit an Amended Complaint that includes "a short and plain statement of the claim[s] showing that [she] is entitled to relief" in compliance with Rule 8 of the Federal Rules of Civil Procedure.

    Respectfully submitted on this
    12th day of March 2013.

    _____
    THOMAS B. McCOUN III
    UNITED STATES MAGISTRATE JUDGE

### NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal and a *de novo* determination by a district judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; M.D. Fla. R. 6.02; *see also* Fed. R. Civ. P. 6.

Copies to:
The Honorable James D. Whittemore, United States District Judge
Pro se Plaintiff